### No. 407
### SUMMERS v. STATE

Ohio Appeals, 2nd Dist., Franklin County
No. 1181.  Decided April 30, 1924

611.  HOMICIDE—Self-defense is affirmative defense, imposing on defendant burden of proof.

ALLREAD, J.

Epitomized Opinion
Published Only in Ohio Law Abstract

Summers was convicted of manslaughter. She was found guilty of shooting Irvin, with whom she had been living. The shooting occurred at the time she had arranged to go back and live with her husband. The parties met in the soft drink parlor. He had a dirk knife and she a revolver. The State's witnesses testified that she fired first, but her defense was that she fired in self-defense after he attacked her with the knife. In affirming the conviction, the Court of Appeals held:

1. "The defense interposed a plea of self-defense. That is an affirmative defense and requires the defendant to produce the burden of proof."

2. "The verdict necessarily rests upon the credibility of the respective witnesses. A judgment will not be reversed because the verdict is contrary to the evidence, unless it is manifestly so.  12 OS. 146."

Attorneys—Daisy Perkins, for Summers; J. R. King, Pros. Atty., Paul C. Hicks and R. E. Hughes, for State.

---

### No. 408
### SCIOTO VAL. RY. & POWER CO. v. DAGUE

No. 1203.  Decided April 25, 1924

683.  JURY—Separation of jurors for week-end after deliberation begun, held not erroneous.

829.  NEGLIGENCE—Development of tuberculosis injury held question for jury.

ALLREAD, J.

Epitomized Opinion
Published Only in Ohio Law Abstract

Dague sued Ry. Co. for damages for injuries sustained in a collision between a traction car and a street railway car which he was operating as motorman. The jury returned a verdict in his favor for $7,500. After the cause had been submitted to the jury, and they had begun deliberations, the trial court directed a separation from Thursday evening until Monday morning. As Friday was a holiday and Saturday was not customarily used for jury cases. This was assigned an error. It was claimed that as a result of the injury, tuberculosis set in the knee and it was necessary to amputate the leg. As to this fact there was expert evidence on both sides. In affirming the judgment, the Court of Appeals held:

1. "The modern rule in reference to misconduct of jurors is somewhat liberal, and disregards irregularities, in respect to the misconduct of the jury where there is no improper motive and where no actual prejudice to the defeated parties appears.  52 OS. 651.55

2 . The question of the development of tuberculosis as a result of the injury was a question of fact for the jury, and the verdict and judgment are not manifestly contrary to the weight of the evidence."

Attorneys—O. W. Newman, for Scioto Valley Co.; E. Carlin and F. Rubrecht and L. C. Stillwell, Mt. Vernon, for Dague.